FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ AUG 1 0 2016 ★
BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
ANTHONY BARLOW,

        Petitioner,

-against-

WARDEN J.M. KILLIAN,

        Respondent.
-----------------------------------------------------------x

NOT FOR PUBLICATION
**MEMORANDUM & ORDER**
13-CV-3710 (CBA)

**AMON, United States District Judge:**

Petitioner Anthony Barlow pleaded guilty to distributing and possessing with intent to distribute crack cocaine pursuant to a plea agreement before this Court on August 14, 2007. See United States v. Nixon et al., No. 07-CR-211 (CBA). Barlow now petitions for a writ of habeas corpus pursuant to 28 U.S.C. § 2241, claiming his counsel provided ineffective representation during sentencing. (D.E. # 1 ("Petition").) Because Barlow's plea agreement waived his right to collaterally attack his sentence, his petition is dismissed.

## BACKGROUND

From October to December 2004, Barlow sold crack cocaine to an undercover police officer four times. (See D.E. # 9-1, Response to Order to Show Cause, Ex. A, Presentence Report ("PSR") ¶¶ 4, 8.) Barlow was indicted on seven drug-trafficking counts. (See United States v. Nixon et al., No. 07-CR-211 (CBA), D.E. # 73, Superseding Indictment.) As part of a plea agreement with the Government, Barlow pleaded guilty to the second count of that indictment, distributing and possessing with intent to distribute cocaine base in violation of 21 U.S.C. § 841(a)(1), (b)(1)(C). (See D.E. # 9-2 ("Guilty Plea Tr.") at 1:13.)

The Court heard Barlow's guilty plea on August 14, 2007. (See generally Guilty Plea Tr.) Barlow was sworn, (see id. at 3:25–4:1), and the Court engaged in a lengthy plea colloquy,

1

including review of Barlow's plea agreement, (see id. at 12:22–14:15). Barlow attested that he had read this agreement, discussed it with his attorney, and understood its terms. (Id. at 13:10–17.) He confirmed the plea agreement was clear and required no further explanation. (Id. at 13:18–21.)

The Court specifically inquired into a particular aspect of the agreement: Barlow's waiver of his right to challenge his conviction or sentence, on appeal or otherwise. The Court read this waiver to him—"It says the defendant agrees not to file an appeal or otherwise challenge the conviction or sentence in the event that a court imposes a prison term of 210 months or below"—and further explained that "[this] means if I give you 210 months or something less than that, you can't challenge any of the determinations that the Court makes at sentencing." (Id. at 14:3–10.) Barlow said he understood and had not been threatened or forced into giving up this right. (Id. at 14:11–15.) The Court accepted Barlow's guilty plea. (See id. at 22:13–24:14.)

Barlow was sentenced on January 29, 2008. (See United States v. Nixon et al., No. 07-CR-211 (CBA), D.E. # 126.) The United States Probation Department had determined that Barlow's two prior felony convictions qualified him as a career offender under U.S.S.G. § 4B1.1, (PSR ¶ 35), and advised that his guidelines sentence range was 151 to 188 months, (id. ¶ 64). The Court downwardly departed from this range and sentenced Barlow to 130 months. (See United States v. Nixon et al., No. 07-CR-211 (CBA), D.E. # 127.)

Barlow now petitions for a writ of habeas corpus pursuant to 28 U.S.C. § 2241,[1] arguing that his counsel's failure to argue at sentencing that Barlow was not a career offender constituted

---

[1] Barlow explains that he brings a § 2241 petition rather than a § 2255 because his time to petition under § 2255 has passed. (Petition at 8–9.) Because Barlow's petition is unequivocally barred by his plea agreement under either provision, the Court does not consider whether his petition is properly advanced pursuant to § 2241.

2

ineffective assistance. (See Petition at 8.[2])

## DISCUSSION

Barlow's waiver of his right to appeal or otherwise challenge his conviction or sentence precludes the instant petition. Appellate waivers are applied "narrowly" and construed "strictly against the Government," United States v. Oladimeji, 463 F.3d 152, 157 (2d Cir. 2006), but are "presumptively enforceable," United States v. Arevalo, 628 F.3d 93, 98 (2d Cir. 2010). Indeed "[k]nowing and voluntary appellate waivers included in plea agreements must be enforced because, if they are not, the covenant not to appeal becomes meaningless and would cease to have value as a bargaining chip in the hands of defendants." United States v. Granik, 386 F.3d 404, 412 (2d Cir. 2004) (internal quotation marks omitted). Therefore, courts deem applicable waivers unenforceable only in very limited situations, "such as when the waiver was not made knowingly, voluntarily, and competently, when the sentence was imposed based on constitutionally impermissible factors, such as ethnic, racial or other prohibited biases, when the government breached the plea agreement, or when the sentencing court failed to enunciate any rationale for the defendant's sentence." United States v. Gomez-Perez, 215 F.3d 315, 319 (2d Cir. 2000) (internal citations omitted).

By its terms, Barlow's waiver applies to the instant petition. Barlow challenges the basis and length of his sentence, a challenge he unambiguously waived when he gave up his right "to file an appeal or otherwise challenge the conviction or sentence in the event that a court imposes a prison term of 210 months or below," (see Guilty Plea Tr. at 14:3–10 (emphasis added)). The Court sentenced Barlow to 130 months, triggering the waiver. (See United States v. Nixon et al.,

---

[2] Barlow's petition comprises a form questionnaire and an annexed, unnumbered memorandum of law. The Court cites to the entire petition as if consecutively paginated; the annexed memorandum is therefore pages 8 through 13.

3

No. 07-CR-211 (CBA), D.E. # 127.) Barlow's petition is therefore precluded by the waiver unless an exception applies.

None of the exceptions to the enforceability of such waivers applies here.

First, there is no question that Barlow's waiver was knowing and voluntary. The Court ensured this was the case during the plea allocution. (See Guilty Plea Tr. at 14:3–15.) Barlow does not argue otherwise.

Second, Barlow has raised no constitutional issue that might render his waiver unenforceable. He contends only that his counsel should have argued Barlow was not a career offender, a fact that is only relevant for sentencing. (See Petition at 10–13.) Although appeal waivers do not preclude ineffective-assistance claims challenging the process by which a defendant waived his appellate rights, see, e.g., United States v. Hernandez, 242 F.3d 110, 113–14 (2d Cir. 2001), that exception applies only to "review of the constitutionality of the process by which the plea agreement was consummated," see id. at 114. Barlow's challenge is not to the process by which the agreement was reached, but to his sentence. Such a challenge clearly falls within the scope of the waiver. See id. ("[T]he plea agreement's waiver would bar any consideration . . . of issues that fall within the scope of that waiver. For instance, had [appellant] raised any issues about his sentence, we would have refused to consider them."); see also United States v. Djelevic, 161 F.3d 104, 107 (2d Cir. 1998) ("[Petitioner] claims that his waiver should not bar consideration of his appeal because counsel was ineffective not at the time of the plea, but at sentencing. We emphatically reject this contention.").

No other potential exception applies. The government did not breach the agreement, and this Court articulated its reasons for the sentence (a sentence in which the Court downwardly departed to sentence Barlow outside the career-offender range).[3]

Barlow's waiver of his right to challenge his sentence is therefore enforceable and precludes the instant petition.

## CONCLUSION

For the reasons set forth above, Barlow's petition is dismissed. Because Barlow has failed to make a "substantial showing of the denial of a constitutional right," a Certificate of Appealability shall not issue. 28 U.S.C. § 2253(c). The Clerk of Court is respectfully directed to enter judgment accordingly and close the case.

SO ORDERED.

Dated: August 9, 2016
Brooklyn, New York

s/Carol Bagley Amon

_____
Carol Bagley Amon
United States District Judge

---

[3] Barlow's petition, first filed in the Southern District of New York in 2011, does not bring a challenge to his career-offender guidelines range based on the Supreme Court's decisions in Johnson v. United States, 559 U.S. 113 (2010), and Johnson v. United States, 135 S. Ct. 2551 (2015), the second of which post-dates his petition. If he had, such an argument would also be foreclosed by his appellate waiver. See United States v. Blackwell, -- F. App'x --, 2016 WL 3190569, at *2 (2d Cir. June 1, 2016) ("Because [the defendant's] sentence conformed to his plea agreement, he received the benefit of that agreement and he has waived any challenges to his sentence on the basis of Johnson." (citing United States v. Morgan, 406 F.3d 135, 137 (2d Cir. 2005) ("[The] inability to foresee that subsequently decided cases would create new appeal issues does not supply a basis for failing to enforce an appeal waiver. On the contrary, the possibility of a favorable change in the law after a plea is simply one of the risks that accompanies pleas and plea agreements.")).